**In re Sue Ann RUSHTON, Debtor.**

No. 85–01973.

United States Bankruptcy Court, M.D. Alabama.

Jan. 22, 1986.

Teresa R. Jacobs, Montgomery, Ala., for petitioner, Alabama Com'n on Higher Educ.

Earl Gillian, Sr., Montgomery, Ala., for respondent/debtor.

## OPINION ON OBJECTION TO CONFIRMATION

RODNEY R. STEELE, Bankruptcy Judge.

This objection to confirmation raises again the difficult question posed when a Chapter 13 debtor's plan offers to pay a government guaranteed education loan at a nominal rate as an unsecured debt. The Congress, while making clear its intent that in Chapter 7 proceedings the debt should survive discharge (11 U.S.C., § 523(a)(8)) except for staleness or hardship, made no provision for special treatment in Chapter 13.

This case is particularly difficult. Debtor is a single woman without dependents, who has been employed as a manager of a W. Allen Store for 20 years. Her take home pay is $772 per month. Her estimated future monthly expenses are $582. She has pledged $180 per month to the plan, leaving only a $10 margin. Total debt is $23,508, including $4,975 secured to GMAC on a 1984 Honda Civic (the only secured debt), and five student loans, guaranteed by the Alabama Guaranteed Student Loan Program, totaling $10,954.00. The debt which apparently precipitated this bankruptcy, is that of the Baptist Medical Center for hospitalization, amounting to $4,500. Related bills bring the total medical expenses to about $6,500.

Debtor offers to pay her unsecured creditors 10% over four years.

Debtor financed her college education with these guaranteed loans, made through the Union Bank and Trust Company, beginning in about 1981. She has an A.B. degree and is now completing requirements for a Master's degree in English. There is no evidence that this work has placed her in any position to obtain better paying employment. None of the loans have been repaid.

## ISSUES

The Alabama Commission on Higher Education, cast with collection of these loans, objects to confirmation on these grounds:

1. The debts are not yet due, and so should not be included in the plan, but left out for separate collection in future.

2. The plan is not proposed in good faith, citing *In re Kitchens*, (11th Cir.1983), 702 F.2d 885.

## CONCLUSIONS

1. It does not appear that the Bankruptcy Court can make up a plan for the debtor. Debtor proposes (Section 1322), the court disposes, and only in accordance with Title 11, U.S.C., § 1325. If the plan fits the requirements for confirmation, it must be confirmed.

And it can make little difference that the debts to be paid under the plan are not yet due and payable. They may be estimated and included, since they are "claims" (11 U.S.C. § 101(4)), which may be allowed. Title 11, U.S.C. § 502(c). And the claim is not to be disallowed under Title 11, U.S.C. § 502(e)(1)(B) where it is not contingent at the time of allowance or disallowance, as a claim for reimbursement or contribution; here it is not contingent because the bank had already assigned to ACHE before debtor filed this Chapter 13. See Collier on Bankruptcy, 15th Edition, p. 502–88, Section 502.05.

2. "Good faith" (Title 11, U.S.C., § 1325(a)(3)) includes some eleven requirements (*In re Kitchens, supra*). There can be little dispute here about factors: (1) amount of debtor income, (2) debtor's living expenses, (3) attorney's fees (set by Court

rule), (4) duration of the plan, (5) motivation and sincerity of the debtor, (6) debtor's degree of effort, (7) debtor's earning ability, or (11) plan's burden on trustee. They are adverted to in the findings above.

There is no evidence that this debtor has ever sought relief in bankruptcy before (factor 9).

There is no evidence that debtor contracted these education debts with the idea of bilking the lender by not repaying the debts. Although she contracted the debts over a period of about five years, and they total about $11,000, and she has a relatively small salary, it cannot be concluded that she did not intend to repay these debts over time. She may have thought she could better her financial situation through education with the expectation of repaying these debts. (Factor 10.)

And but for an unexpected illness and the ensuing threatened lawsuit for collection by Baptist Medical Center, a special circumstance beyond her control (factor 8) she might have succeeded in repaying all her debts over time in full and as they became due.

■ There is no intentionally misleading statement of assets and liabilities in the debtor's schedules. And although this objection arises from a debt nondischargeable in Chapter 7, that alone cannot destroy "good faith." Cf. *In re Estus*, (8th Cir. 1982) 695 F.2d 311.

In sum, the facts here do not lead to the conclusion that "... there has been an abuse of the provisions, purpose or spirit of [the chapter] in the proposal." *In re Kitchens, supra*, p. 888, quoting 9 Collier on Bankruptcy, 14th Ed., Paragraph 9.20, p. 319.

An appropriate order will enter.